# ROBBINS UMEDA & FINK, LLP
### ATTORNEYS AT LAW

BRIAN J. ROBBINS*
MARC M. UMEDA
JEFFREY P. FINK
FELIPE J. ARROYO
GEORGE C. AGUILAR

OF COUNSEL
BENJAMIN ROZWOOD

610 WEST ASH STREET, SUITE 1800
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 525-3990
FACSIMILE (619) 525-3991

STEVEN J. SIMERLEIN
KEVIN A. SEELY°
CAROLINE A. SCHNURER
MARK A. GOLOVACH
LOUIS A. KERKHOFF
SHANE P. SANDERS
REBECCA A. PETERSON
ASHLEY R. PALMER
JILL E. KLEMANN
DANIEL R. FORDE
ARSHAN AMIRI
JULIA M. WILLIAMS

*Admitted in CA & CT
°Admitted in CA, CNMI & Guam

**MEMO ENDORSED**

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/19/07
```

October 18, 2007

**VIA FACSIMILE**
(212) 805-7949

The Honorable P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2260
New York, NY 10007

*[Handwritten endorsement: Application denied. If plaintiff no longer has a viable theory of liability, it should dismiss without prejudice. SO ORDERED. [signed] PKC USDJ 10-19-07]*

Re: *Halpert Enterprises v. ABN AMRO Holdings, N.V., et al.*
    Case No. 1:07-cv-05454-PKC

Dear Judge Castel:

This letter is respectfully submitted by Plaintiff Halpert Enterprises ("Plaintiff") in accordance with the Court's Individual Practices to request the Court to grant Plaintiff a second brief extension of time in which to file an amended complaint in this action. This action concerns a months-long takeover battle involving the largest banking deal ever proposed, worth approximately $101 billion, and the circumstances surrounding this deal are changing on almost a daily basis. Plaintiff is very cognizant of this evolving landscape and, in an effort to conserve the parties' resources, maintains that the best course of action for all involved is to allow sufficient time for the deal to be completed before requiring Plaintiff to file an amended complaint. This is the second request by Plaintiff for an extension of time to file its amended complaint. The requested extension affects only the conference to establish a briefing schedule on Defendants' contemplated motions to dismiss, scheduled for November 2, 2007.

As the Court may recall, Plaintiff is a shareholder of defendant ABN AMRO Holding N.V. ("ABN" or the "Company"). This lawsuit involves competing offers to purchase ABN by Barclays PLC ("Barclays"), on the one hand, and a consortium of European banks led by The Royal Bank of

*Halpert Enterprises v. ABN Amro Holdings, et al.*
October 18, 2007
Page 2

Scotland Group plc ("Royal Bank" or the "Consortium"), on the other hand (the "Proposed Acquisition"). Plaintiff has alleged that the individuals comprising the Managing and Supervisory Boards of ABN (the "Board" or "Defendants") breached their fiduciary duties to the Company's shareholders in connection with their efforts to complete the sale of ABN to Barclays. In deed, the Royal Bank made a bid for ABN that was 13% higher than Barclays' offer. Despite this fact, the Board recommended that shareholders accept the Barclays offer, a move that is clearly in direct conflict with Defendants' fiduciary duty to maximize shareholder value.

In connection with the Proposed Acquisition, Defendants arranged to sell the Company's lucrative LaSalle Bank Corporation unit ("LaSalle") to Bank of America Corp. ("BofA"). Plaintiff alleges that this was designed as a poison pill to discourage the Royal Bank's interest in ABN. Despite this, the Royal Bank has continued to pursue the acquisition of ABN. Thereafter, ABN scheduled a shareholder meeting for September 20, 2007 to allow shareholders an opportunity to discuss with the Company the two competing offers. Subsequent to the shareholder meeting, the Royal Bank announced it had acquired 86% of outstanding ABN shares and, a week later, announced that its offer for ABN was unconditional. Barclays has now withdrawn its offer for the Company. Although this arguably paves the way for the Royal Bank to acquire ABN, nonetheless, the Proposed Acquisition faces intense regulatory hurdles. Whether the Royal Bank is ultimately successful in acquiring ABN and, additionally, whether the Proposed Acquisition passes regulatory scrutiny are facts that are yet to be determined, facts which would be included in any amended complaint.

On September 6, 2007, Plaintiff submitted a request for an extension of time in which to file its amended complaint. Plaintiff's request was based, in part, on the fact that ABN had scheduled a shareholder meeting for September 20, 2007 to discuss the two competing offers. Plaintiff felt it necessary to include facts in its amended complaint that would only occur subsequent to the shareholder meeting on September 20. The Court agreed with Plaintiff's reasoning and granted the request such that Plaintiff's amended complaint is due to be filed on October 19, 2007. The facts surrounding the Proposed Acquisition, however, are still developing (*i.e.*, the final consummation of the Proposed Acquisition has not been completed) and Plaintiff will include these developing facts in any amended complaint. To file an amended complaint now with less than a complete factual record would only unnecessarily burden the Court and the parties in terms of briefing (and deciding) Defendants' anticipated motions to dismiss.

In sum, this action involves the alleged violations of law related to a prior proposed transaction concerning what has been described by the *Wall Street Journal* as "the biggest deal ever in the financial sector." The new deal, however, has not been completed. Until the Proposed Acquisition is completed and it passes regulatory scrutiny (if at all), the parties and the Court would be best served by granting this request for an extension of time in which Plaintiff must file its amended complaint. Plaintiff hopes that over the course of the next two to three months it will be determined whether the Proposed Acquisition is finalized and approved.

*Halpert Enterprises v. ABN Amro Holdings, et al.*
October 18, 2007
Page 3

       Plaintiff contacted counsel for ABN to request consent to the relief requested herein.[1] Rather than consent to the requested extension, defense counsel again requested that Plaintiff dismiss the case without prejudice. As Plaintiff requests only a relatively brief extension of time in which to file its amended complaint, Plaintiff again believes that a dismissal of the case, even without prejudice, is not warranted.

       Thank you for your consideration of this request.

                                        Very truly yours,

                                        Mark A. Golovach
                                        ROBBINS UMEDA & FINK, LLP

                                        Counsel for Plaintiff Halpert Enterprises

MAG/ha

cc:    Marc M. Umeda
       Benjamin Rozwood
       Arshan Amiri
       Harry Wisc
       Lawrence J. Portnoy
       Eric M. Roth

---

[1] On October 18, 2007, counsel for Plaintiff, Mark A. Golovach, telephoned counsel for ABN, Lawrence Portnoy, to discuss the issues presented herein. Mr. Portnoy indicated that he did not agree to the extension and would oppose Plaintiff's request.