# ROBBINS UMEDA & FINK, LLP
## ATTORNEYS AT LAW

BRIAN J. ROBBINS*
MARC M. UMEDA
JEFFREY P. FINK
FELIPE J. ARROYO
GEORGE C. AGUILAR

OF COUNSEL
BENJAMIN ROZWOOD

610 WEST ASH STREET, SUITE 1800
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 525-3990
FACSIMILE (619) 525-3991

STEVEN J. SIMERLEIN
KEVIN A. SEELY°
CAROLINE A. SCHNURER
MARK A. GOLOVACH
LOUIS A. KERKHOFF
SHANE P. SANDERS
REBECCA A. PETERSON
ASHLEY R. PALMER
JILL E. KLEMANN
DANIEL R. FORDE
ARSHAN AMIRI
JULIA M. WILLIAMS

*Admitted in CA & CT
°Admitted in CA, CNMI & Guam

**MEMO ENDORSED**

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/1/07

October 31, 2007

**VIA FACSIMILE**
(212) 805-7949

The Honorable P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2260
New York, NY 10007

*[Handwritten memo endorsement:]* I will hear the parties at the case management conference on November 2 with respect to the [illegible] motion request. SO ORDERED. [signature] 11-1-07

Re: **Halpert Enterprises v. ABN AMRO Holdings, N.V., et al.**
Case No. 1:07-cv-05454-PKC

Dear Judge Castel:

This letter is respectfully submitted by Plaintiff Halpert Enterprises ("Plaintiff") in accordance with the Court's Individual Practices to inform the Court that Plaintiff does not plan on filing an amended complaint in this action, but does plan on seeking a dismissal of the action and applying for an award of attorneys' fees and expenses.

As the Court may recall, Plaintiff is a shareholder of defendant ABN AMRO Holding N.V. ("ABN" or the "Company"). This action concerns the competing bids to purchase ABN by Barclays PLC ("Barclays") and a consortium of European banks led by The Royal Bank of Scotland Group plc ("Royal Bank" or the "Consortium"). Plaintiff alleged that the individuals comprising the Managing and Supervisory Boards of ABN (the "Board" or "Defendants") breached their fiduciary duties to the Company's shareholders in connection with their efforts to complete the sale of ABN to Barclays. In particular, Defendants attempted to make the Company less attractive to Royal Bank, and continued to favor and recommend Barclays' bid in the face of a superior Royal Bank offer.

On March 19, 2007, ABN announced that it entered into exploratory merger talks with Barclays. On April 13, 2007, ABN received an unsolicited letter from Royal Bank expressing its

*Halpert Enterprises v. ABN Amro Holdings, et al.*
October 31, 2007
Page 2

interest in ABN and requesting exploratory acquisition talks between them. Upon learning of Royal Bank's interest, ABN began to take defensive measures. On April 23, 2007, ABN, with the support of the Defendants, announced that it agreed to be acquired by Barclays. Also announced that day was ABN's sale of LaSalle Bank Corporation ("LaSalle") to Bank of America. The sale of LaSalle was blocked, however, by Amsterdam's Superior Court due to Defendants failure to consult ABN shareholders. On May 5, 2007, Royal Bank announced that it would pursue an acquisition of ABN and made a combined bid for both ABN and LaSalle. Royal Bank's bid for ABN was approximately 10% higher than Barclays. On July 13, 2007, the Dutch Supreme Court overruled the Superior Court and allowed the sale of LaSalle. The Consortium re-bid for ABN. The Consortium's new bid was still approximately 10% higher than Barclays'. Defendants, however, still supported the Barclays' offer. On Jul 23, 2007, Barclays increased the cash component of its offer. On July 30, 2007, in a sudden about face, Defendants withdrew their recommendation that stockholders accept Barclays' offer. As a result, Barclays was unable to acquire the requisite number of shares to complete the acquisition. Soon thereafter, the Consortium acquired almost all of ABN's stock. The Defendants' withdrawal of support for the Barclays' offer, coupled with Royal Bank acquiring ABN for a significant amount above the Barclays' bid, has rendered Plaintiff's complaint moot.

Since Plaintiff's claims have been rendered moot by Defendants' actions, Plaintiff plans on requesting that this action be dismissed without prejudice and be awarded attorneys' fees and expenses. The Consortium's offer was worth over 10% more than Barclays' bid, which amounts to an increase of approximately $10 billion. The Consortium's bid would not have been successful without the Board's withdrawal of its approval for the Barclays bid and cessation of its defensive tactics. This was the exact action that Plaintiff demanded in its complaint, and the outcome from taking that action was exactly as Plaintiff predicted. Further, the withdrawal of Defendants' support for the Barclay's bid reinforces the facts that ABN's Board had a duty to maximize shareholder value when selling ABN. Plaintiff believes that this lawsuit played a substantial role in the Board's decision to withdraw its support for Barclays' bid and the class of shareholders received a substantial benefit as a result of Plaintiff's action. Therefore, it is fair and equitable to award Plaintiff attorneys' fees and expenses.

It is well settled that counsel for a class representative is entitled to an award of attorneys' fees and costs when the action initiated by the litigant confers a substantial benefit on a class. *See Mills v. Electric Auto-Lite Co.*, 396 U.S. 375, 392 (1970); *Stokely v. George*, No. 05 Civ. 2051 (GBD), 2006 WL 2807161, *2 (S.D.N.Y. Sept. 28, 2006). Plaintiff needs to only show that the lawsuit played a substantial role in achieving a substantial benefit for the class. *Koppel v. Wien*, 743 F.2d 129 (2d Cir. 1984). The $10 billion received by ABN's shareholders is clearly a substantial benefit. Further, when a defendant's corrective action causes a lawsuit to be moot, ***the burden shifts to defendant*** to establish the absence of a causal connection. *Savoie v. Merchants Bank*, 84 F.3d 52, 56 (2d Cir. 1996).

Plaintiff believes that Defendants will not be able to show that this action did not play a substantial role in their decision. Courts look closely at the chronological sequence of events when deciding what role a lawsuit played in achieving a benefit. The chronological sequence of

Halpert Enterprises v. ABN Amro Holdings, et al.
October 31, 2007
Page 3

events is an important factor in determining whether or not "defendants guided their actions in response to plaintiffs' lawsuit." *Koppel*, 743 F.2d at 135 n.3, (citing *United Handicapped Fed'n v. Andre*, 622 F.2d 342, 347 (8th Cir. 1980)); *Heller v. Starwood Hotels & Resorts Worldwide, Inc.*, 332 F. Supp. 2d 587, 590-91 (S.D.N.Y. 2004). For months Defendants battled the Consortium and supported Barclays' bid for ABN. Plaintiff instituted this action to prevent the sale to Barclay's and force the ABN Board to maximize shareholder value. Nonetheless, in order to thwart the Consortium's advances, Defendants undertook drastic acts, such as selling LaSalle without shareholder approval. Defendants took this action knowing that LaSalle was a major factor in the Consortium's decision to bid for ABN. The sale of LaSalle also spurred legal action that ABN contested to the Netherlands' Supreme Court. Despite Defendants previous steadfast support of Barclays, however, only three days after Plaintiff outlined the strength of its case in a joint letter filed with this Court, Defendants abruptly changed their position. Plaintiff believes that Defendants saw that they would likely lose their challenge to the personal jurisdiction of this Court over them and that the deficient Barclays' offer, if accepted, would result in massive potential liability to ABN's shareholders in this action. Almost immediately after the filing of this letter, Defendants withdrew their support of Barclays' bid and stated that it could no longer recommend either offer. Due to the timing of their reversal, Defendants will likely not be able to meet ***their burden*** of showing that this lawsuit did not play a substantial role in their decision. Such determination, however, must be made after an evidentiary hearing to determine whether the benefits were caused by the litigation. *See Koppel*, 743 F.2d at 129 (holding that a substantial benefit sufficient to support an award of plaintiffs' attorney's fees was conferred upon the participants in the partnership and remanding for an evidentiary hearing to determine whether that benefit was caused by the litigation).

Therefore, Plaintiff respectfully asks that a pre-motion conference between the Court and the parties in this litigation be scheduled, as required by the rules of this court, in anticipation of Plaintiff's motion. As the Court is aware, a Pretrial Conference is currently scheduled for November 2, 2007. Plaintiff respectfully suggests that the Pretrial Conference be continued and be set to coincide with the requested pre-motion conference and suggests a date of November 9, 2007 or another date convenient to the Court in order to allow Defendants three business days to respond to this letter.

Respectfully yours,

Marc M. Umeda /gdg/

Marc M. Umeda
ROBBINS UMEDA & FINK, LLP

Counsel for Plaintiff Halpert Enterprises

MMU/gdg/bg

cc: Harry Wise
    Lawrence Portnoy
    Eric M. Roth